The first case today is number 20-1170 United States v. Kevin J.D. Figueroa-Roman At this time, would counsel for the appellant please go to the podium and introduce herself on the record to begin Before you begin, I just want to welcome to the bench Judge David Hamilton, who's visiting with us from the Seventh Circuit So welcome, Judge Hamilton. I think it's his first time in Puerto Rico Good morning. May it please the Court, my name is Siri Fried and I am here arguing on behalf of the appellant Kevin Figueroa-Roman With the Court's leave, I would like to reserve two minutes of my time for rebuttal. Thank you very much This Court should vacate the 108-month sentence that was imposed by the District Court Because the sentence was procedurally unreasonable, even under the standard claim error review that you can see applies in this case There were two important and fundamental errors committed by the Court that rendered the sentence unreasonable It's hard to know which one is more fundamental, but they're both very fundamental One is that the Court failed to explain with sufficient specificity what case-specific facts of this prosecution Or of the facts surrounding the sentencing justify such a large upward variance from the guidelines in this case The guidelines, as calculated by the Probation Department, were 70 to 87 months The sentences recommended by the parties were considerably below that the Defense Council recommended, 63 months Just a minute, you're conceding that there was no objection, correct? I am conceding that So are you arguing with all four grounds of claim error, or are you here to stress one in particular? Well, I believe that the facts show, if the Court agrees with our assessment of those facts That the prompts 3 and 4 are shown by the failures of the earlier prompts That is, the great failure to explain the sentence does impair the integrity of the proceedings and the reputation of the Court And I believe that language is actually, this Court talked about that in a fairly recent case of Munoz-Fontanez And here what the failure to explain was, we had a fairly high offense level that was calculated as a result of There were four separate crimes to which Mr. Figueroa Roman pled guilty, each one carrying an offense level of 26 But because the grouping rules did not apply, because it was a carjacking case, the offense level jumped up to 30 Before acceptance of responsibility, and then was brought down to 27, and he was the first offender I'd like to understand the argument that you're making on this score, because I think it may run us into the second round of this Which is, you're not saying that we don't know what factors were relied on Because you identify one of the factors that was relied on that you think was problematic, which is the indicted felon Well, yes, that is certainly one of them, I can address that one now I think what I'm trying to say is that the Court listed a number of facts of the case that it did not peg to an explanation For why those particular facts justified a sentence that was so far above the advisory guideline range But he did identify the factors that were supporting the variance I guess maybe if there's a gap, the gap is that he didn't explain why that high a variance, is that the idea? Well, let me, in our view, these were the facts that the sentencing transcript shows He talked about victim impact, he talked about, there were certain facts that he talked about that would be mitigating in nature Such as the defendant's lack of a prior record, his youth, his family background He then discussed other things like, and actually most of this, Your Honor, is really found in the statement of reasons But he has that paragraph, orally, where he lists various things, including the convicted felons Yes, that's correct, and there was no factual basis in this record Okay, so let me just take you to that, and circle back to the first point With respect to the convicted felons point, I think it's out of the government's argument They're not arguing that there's any basis in the record for thinking that the other persons were convicted felons at the time they were found Yes, I agree the government is conceding that there was no factual basis for defining that decline That Mr. Roman was knowingly associating with convicted felons Okay, and so, is your contention that it is clear and obvious that the fact that they were convicted felons Two pieces of it, one, the district court was saying they were convicted felons at the time of the offense Not in consequence of now having been convicted I think it's clear that the court was saying that it was justifying the higher sentence Because Mr. Figueroa Roman chose to associate himself at the time of these offenses with convicted felons Okay, and then secondly, you're saying it's clear and obvious that that was a piece of what led to the verdict It is certainly a piece of what led to the parents, and there was no factual basis for that specific piece But there were also Do you agree that the guideline calculation did not account for the fifth or the sixth charge actions? The guideline calculation accounted for four I want to take So the answer is no Yes, but I do want to take issue Any counsel? I'm sorry Do you want to take issue with whether there were five or six? Yes, I do Okay I do There's indication in the PSRA that it's not disputed that Mr. Figueroa had physically assaulted one of the parents, correct? Well Is that correct? No I would say that because the PSRA also indicates that when Mr. Figueroa was interviewed by the pre-sentence report writer, I believe it was, that he denied actually having physically assaulted anyone Does he deny that under oath or in the sentencing process? He did not deny it during the sentencing hearing, that is, he did not speak during the sentencing hearing I believe that that denial came during the course of his interview with the probation officer during the preparation of the pre-sentence report How do we handle that? Well, I believe what you have is a pre-sentence report that essentially, it doesn't give anybody a preponderance or the evidence to believe that one of those assertions is more valid than the other You have a self-serving statement by a co-defendant who was also going to be sentenced in this case, placing blame for a physical assault on Mr. Figueroa Roman It was nonetheless objected to, so there was no honing in on the discrepancy that was in the police report from one version to the other There was no honing in on it, that is, the court made this I'm trying to say the defendant ahead of time didn't object on it No I'm sorry I haven't done that calculation, although I could I do want to say a couple of things about the disclosure of that participation in the Fifth, and I do take issue with whether or not there was a Sixth And it's clear from this record that Mr. Figueroa Roman was attempting to cooperate in this case That is, he subjected himself to All right, he subjected himself to interviews with law enforcement, hoping to help himself during the sentencing process of this case And so this information he voluntarily disclosed With regard to what Judge Sosa took to be the Sixth, the facts that are set out in the statement are reasons about that I think it's fairly easy to read that Mr. Figueroa was not representing himself to have been involved in the Sixth carjacking at all He simply saw one take play Just one comment, just so I get your take on this Yes In order for you to win, even if the record shows that there was reliance to some extent on the co-defendant or the four people being convicted felons at the time of the offense Yes To justify the variance We still have to determine whether that ultimately affected the sentence such that you could show prejudice, or at least under the fourth law In light of the Fifth and Sixth, the evidence of the Fifth and Sixth carjacking, and the fact that the statement of reasons, as I recall The judge does not refer to the convicted felons in the statement of reasons What supports the conclusion that if there was error in relying on that fact That justifies vacating the sentence on plain error Well, I think he mentions that during the course of the sentencing hearing Which I think we can infer that it meant something to him because he bothered to mention it And the statement of reasons is a post hoc document Again, the statement of reasons doesn't tell us to what degree he relied upon any of these things in order to arrive at the sentence that he arrived at It's not simply that there was a list of factors that could be taken as aggravating There has to be enough in the record for this court, as a reviewing court, to be able to understand how the district court calibrated, weighted these factors In order to arrive at a sentence that was so far outside the mine run Thank you Thank you, counsel. At this time, if counsel for the appellee would please introduce themselves on the record to begin Good morning, your honors, and may it please the court, Gabriela Variety, on behalf of the United States District court did not commit plain procedural error when it imposed the variant sentence in this case As an initial matter, the U.S. claims of error are weighing for failure to develop argument as to all four prompts of plain error review But even in that weight, the appellate record is clear that the district court relied on three main case-specific factors to impose the variance What about the associated development? It's also clear that the court mentioned that in sentencing and that wasn't true at the time Yes, your honors How do we know what weight the court placed on that in its sentencing determination? What do we do with it? Well, two things. The first is that that finding cannot be clear and obvious error because Figueroa's reading of that finding is not the only possible reading of that statement The court could have been referring to the fact that Figueroa and his co-defendants decided to engage in a joint crime spree that resulted in felony convictions rather than existing convictions at the time of the carjacking This would be a reasonable response to Figueroa's statements in the PSR that he committed crimes out of impulse and ignorance, even though they weren't isolated It wasn't an isolated incident What would be the sense of it? Because the reference is to the fact that because... Is there any indication or any finding that he's going to associate with these people afterward? Well, nothing in the record says that he will associate after and we don't know what will happen, but the record does say that they were all friends from the neighborhood Right. So it would be one thing if he said that, okay, you hung around with friends. That concerns me. But that's not what he said. He said you hung around with convicted felons Which would make some sense if the idea was that I'm concerned by your behavior because you were hanging around with people who you knew were convicted felons But if it's just that you were hanging around with people who now are convicted felons, that's reason to vary. I don't understand Well, it was one of the multiple reasons... Yes, so that's just Thompson's question. If it's one of the reasons, how do we know that it didn't affect the amount of the sentence? Well, we know from the statement of reasons when the court had the opportunity to confirm what its sentencing rationale was for varying upwards, it did not mention that fact Instead, it said that it was relying on the fact that... We looked at the statement of reasons. Our case law says we can look at it. Our case law is pretty clear that the sentence comes from revenge And it's what the judge says in open court that we relied upon in trying to make a determination as to what the court said, first of all, is the sentence and what justifies it That's correct, Your Honor. But here, the court can also infer from the oral pronouncement of sentencing, infer and also take from the explicit explanations of the court what the court relied on The court also relied on the fact that the carjacking took place in a short period of time It clearly didn't rely only on it being a convicted felon, but the question is, given the range and given the extent of the variance, how do we know that his misunderstanding that they were convicted felons didn't affect the amount of the variance? How could we know that? Well, first, as I mentioned before, it's not clear and obvious error that he misconstrued the record. He could also have been different to the fact that they were convicted felons at the time that Teodoro was sentenced By the time that Teodoro was sentenced, the district court had already sentenced one of his co-defendants and all other co-defendants had pled guilty to felonies So it's not clear and obvious. And second, he relied and gave much more emphasis during the balancing of the 35.3a factors to the other factors on which he relied And he stated in the statement of reasons and when he ties in at sentencing, when he ties in the section 35.3a factors The paragraph that supports balance Mr. Figueroa's lack of a criminal record, the pro-social support he enjoys with his family, the seriousness of offense, their violent nature, the psychological impact caused to the victim, and Mr. Figueroa's association with convicted felons when assessing his risk to the community once he is released Seems like it's just one of five things that are mentioned Yes, but we know that at least for the psychological impact of the victims who thought the gun was a real gun instead of a telegun and they feared for their lives The court mentioned that three times. Twice during the balancing of the 35.3a factors and again in the statement of reasons Counsel, I take it your principal point though is that what the judge said was just not all that specific and there was no objection raised for the matter to have been cleared up at the time Well, the government's position is that the court was specific, but yes, there was no objection at the time for the court to further explain what it meant by the seriousness of violent nature and what weight it put on that versus the convicted felons association But I think you're also saying it wasn't clear whether he meant by convicted felons now as opposed to then and therefore since there was no objection that could have been cleared up too, is that the idea? That's correct. Yes I want to address some of the points that appellant's counsel brought up First, the plain error review, the government's position is that the arguments are weak because she failed to address all four forms of plain error I believe the counsel was referring to the Supreme Court's case in Rosales-Migueles which says that proof of a plain guidelines error that affects the defendant's substantial rights is sufficient to meet the defendant's burden on the fourth form of plain error review But here, Figueroa failed to address the third and the fourth form as to all claims of error and Figueroa was not challenging the district court's guidelines calculations, rather he's claiming procedural error based on adequate explanation and support for the variance And also the guidelines range did not take into account the other carjackings and finally, Figueroa never specifically denied the co-defendant's statement in the BESR that he hit one of the victims in the unindicted carjacking What he did say was, when talking about the, during the law enforcement interview Figueroa stated that he did not know why he committed the carjackings and that they did not hit the victims Yet he said this right after he, right after saying that he participated in four carjackings but from his own admissions we know that he participated in more carjackings Therefore taking the statement in context the court could reasonably infer that Figueroa was only talking about the four carjackings for which he was indicted and was not talking about the carjackings for which he wasn't That statement also did not just appear in the BESR where the probation officer described the offense conduct, it appeared again in the BESR under the section for reasons to vary, yet Figueroa never objected to that statement And unless the court has any questions, the government will be on stand by to report Thank you Thank you Thank you Thank you counsel, at this time would counsel for the appellant please reintroduce herself on the record, she has a two minute rebuttal Thank you, again it's attorney Siri Reed on behalf of Mr. Figueroa Roman I wanted to respond to the discussion that took place about the group of factors that was sort of repitulated by the court just before a post sentence where it was listing what would be mitigating factors and what would be aggravating factors And the government counsel talked about the psychological impact of victims The presence of a victim, that is the crime that takes place with a victim present and therefore it has a high guideline, it's under the robbery guideline but it comes up higher because of the series of enhancements 20 point base offense level and then it gets jumped up, there's a separate two level enhancement for carjacking itself and then there are other separate enhancements for whether or not a dangerous weapon is used or brandished So that brought, the guidelines itself were aggravated because there was aggravated conduct So I guess what I'm trying to say is that to the extent that the court was trying to use victim impact as a separate aggravating circumstance, it did not explain why the victim impact required a sentence even higher than what the guideline range called for Before you close, can you just address the contention that the reference to convicted felons is not clearly or obviously a reference to them being convicted felons at the time of the offense as opposed to at the time of the sentencing Yes, and I think really the best way to look at that is to actually look at the words that came out of the district court judge's mouth which is at page 30 of my record appendix And the court says, if the court will allow me to read this into the record, the court, meaning the district court judge has balanced Mr. Figueroa's lack of a criminal record, the pro-social support he enjoys from his family with the seriousness of offense, their violent nature, the psychological impact caused to the victims, all of those factors I'm asking just one very specific thing. The reference to is association with convicted felons. How do we know that's a reference to them being convicted felons at the time of the offense rather than it being unclear as to whether he's saying they were convicted felons at the time of the sentence? I'm trying to answer that question by putting the whole context of what he says. Those other factors that I just read before he gets to the one that you just asked for all talk about what the status of everybody was at the time that these offenses happened, not at some point later when they're facing sentencing. They're talking about his lack of a criminal record at the time, which is obviously at the time of the offense. The pro-social support that he had the benefit of as a young, as a teenage boy at the time he committed these offenses. With their seriousness at the time that those offenses happened, the psychological impact caused to the victims at the time they suffered from what happened to them during the course and is associated with convicted felons. I think it's very clear that when you put all of those things together, he's talking about not some future fact that happens at the time of sentencing. His final words, though, were, when assessing Mr. Figueroa's risk to the community once he was released, it's possible to see that as just saying, well, his friends are now all convicted felons. They're going to be released eventually. What can we expect? Well, I guess I would say to Judge Hamilton that to try to put my arms around the question posed by Judge Barron, because it's an important question about what the district court judge was relying on at the time, he's talking about maybe what their status is now and what may happen at some point in the future, but not what was going on at the time in terms of the judgments made by Mr. Figueroa about whether or not he was choosing to associate himself with felons at the time that he committed these offenses. It's very clear from the facts in the pre-sentence report that set forth that Mr. Figueroa was associating not with people that he knew were dangerous felons, but with the other kids that he'd gone to school with, that he was hanging out with his friends and they all did these bad things that turned them into felons, but at the time, they were not that. Thank you. Thank you, counsel. That concludes argument in this first case.